IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERRY S. DRAGER                                                                    PLAINTIFF

vs.                                    Civil No. 2:15-cv-02087

CAROLYN W. COLVIN                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Terry Drager ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for a

period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income

("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff protectively filed his disability applications on May 22, 2012.  (Tr. 13, 189-196).

In his applications, Plaintiff alleges being disabled due to back problems, depression, arthritis in

hands and shoulders, high blood pressure, and injury to left hand.  (Tr. 206).  Plaintiff alleges an

onset date of January 2, 2012.  (Tr. 206).  These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The
transcript pages for this case are referenced by the designation "Tr."

1

reconsideration.  (Tr. 13).  Thereafter, Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted.  (Tr. 132-134).

Plaintiff's administrative hearing was held on October 1, 2013.  (Tr. 29-91).  Plaintiff was present and was represented by counsel, Randy Rainwater, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") James Wallace testified at this hearing.  *Id.*  At this hearing, Plaintiff testified he was forty-there (43) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and under 20 C.F.R. § 404.1563(c) (2008) (DIB) and had a seventh grade education.  (Tr. 33).

After this hearing, on January 24, 2014, the ALJ entered an unfavorable decision denying Plaintiff's DIB and SSI applications.  (Tr. 13-24).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2002.  (Tr. 15, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2002, his alleged onset date.  (Tr. 15, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: low back pain, osteoarthritis in the hands, attention deficit hyperactivity disorder (ADHD), anxiety disorder, and major depressive disorder.  (Tr. 15, Finding 3).  However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 16, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC").  (Tr. 18-21, Finding 5).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform light work except should never

2

climb ladders, ropes, or scaffolds; limited to occasional fine manipulation bilaterally; unskilled work, defined as simple, routine and repetitive tasks with supervision that is simple, direct, and concrete; and work that involves maintaining frequent contact with co-workers and supervisors, and occasional contact with the general public. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff unable to perform his PRW. (Tr. 21, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22, Finding 10). The VE testified at the administrative hearing on this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following occupations: (1) housekeeper with 221,600 such jobs in the United States and 1,860 such jobs in Arkansas, and (2) cafeteria attendant with 139,460 such jobs in the United States and 700 such jobs in Arkansas. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2002 through the date of his decision. (Tr. 23, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 8). On March 10, 2015, the Appeals Council denied this request for review. (Tr. 1-4). Plaintiff then filed the present appeal on May 4, 2015. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 22, 2015. ECF No. 7. This case is now ready for decision

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

3

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9-12. Specifically, Plaintiff claims the ALJ erred (1) in the RFC determination of Plaintiff, (2) in failing to fully evaluate the record, (3) in the credibility determination of Plaintiff. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13. Because this Court finds the ALJ erred in the credibility determination of Plaintiff, this Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski.* Instead of complying with *Polaski* and considering the *Polaski* factors, the ALJ only focused on Plaintiff's medical records and the opinions of Plaintiff's treating physicians. (Tr. 18-21). First, the ALJ

6

summarized Plaintiff's medical records.  *Id.*  After summarizing those records, the ALJ then provided an entirely unhelpful and conclusory reason for discounting Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with her above residual functional capacity assessment.

(Tr. 21).

Notably, the only *Polaski* factor the ALJ even referenced was Plaintiff's daily activities.  (Tr. 21).  Accordingly, the Court finds the ALJ's decision to discount Plaintiff's subjective complaints without a sufficient basis was improper under *Polaski*.  See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]").  Accordingly, because the ALJ provided no valid reason for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.**   **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16ᵗʰ day of February 2016.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

7